```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VINCENT REPKA, #185588,

                    Plaintiff,

         -against-

MARK FRANCIS TOCCI, GINA SAVOIE,
WALLY TOMASZEWSKI,

                    Defendants.
----------------------------------------------------------------X
```

**FILED**
**CLERK**
9/21/2018 1:46 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
17-CV-07040(JMA)(GRB)

**AZRACK, District Judge:**

On November 30, 2017, incarcerated *pro se* plaintiff Vincent Repka ("plaintiff") filed an *in forma pauperis* complaint against Mark Francis Tocci ("Tocci"), Gina Savoie ("Savoie"), and Wally Tomaszweski ("Tomaszweski" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of his Constitutional rights.

Because the *in forma pauperis* application submitted by plaintiff was incomplete, by Notice of Deficiency dated December 5, 2017 ("Notice"), plaintiff was instructed to complete and return the enclosed *in forma pauperis* application within fourteen (14) days from the date of the Notice. On December 18, 2017, plaintiff timely filed a proper *in forma pauperis* application together with an application for the appointment of *pro bono* counsel to represent him in this case.

For the reasons that follow, the Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) and Federal Rule of Civil Procedure 12(h)(3). Given the dismissal of the complaint, plaintiff's application for the appointment of *pro bono* counsel is denied without prejudice.

## I. BACKGROUND[1]

Plaintiff's sparse complaint is submitted on the Court's Section 1983 claim form and seeks to recover a monetary award in total sum of $1.2 million from the defendants, who are alleged to have assaulted plaintiff on September 17, 2017. Plaintiff alleges that, prior to his incarceration, he resided in Port Jefferson, New York, and that Savoie and Tomaszewski are also Port Jefferson, New York residents. (Compl. ¶ III.A-B.) Tocci is alleged to reside in Oregon. (Id. ¶ III.B.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declarations in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fees. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.      Subject Matter Jurisdiction**

Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is

lacking. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; see also Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction bears the burden of proof. DiTolla v. Doral Dental IPA of N.Y., 469 F.3d 271, 275 (2d Cir. 2006).

Here, plaintiff does not allege the basis for this Court's subject matter jurisdiction. Affording the *pro se* complaint a liberal construction, the Court will thus analyze whether subject matter jurisdiction may be properly invoked under either 28 U.S.C. § 1331 or § 1332. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Section 1332 provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332.

1. Application of Section 1331

"A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (internal quotation marks and citations omitted). A plaintiff properly invokes § 1331 jurisdiction when he or she pleads a

colorable claim "arising under" the Constitution or laws of the United States. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). A claim alleging federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n. 10. Although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9, (1980), *pro se* litigants must establish subject matter jurisdiction. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

To the extent that plaintiff seeks to invoke this Court's federal question subject matter jurisdiction by alleging violation of Section 1983, he has not pled colorable claims. Plaintiff has not alleged that any of the defendants' actions violate the Constitution, nor does he include any facts to support such a claim. Under Section 1983, an individual may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 55 (2d Cir. 2014) (quoting Section 1983). To establish a viable Section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2015) (citations and internal quotation marks omitted). Here, plaintiff has brought suit against private individuals who are not alleged to have been "acting under color of state law" at the time of the alleged assault. See

5

Matusick, 757 F.3d at 55. Accordingly, plaintiff has not alleged a colorable Section 1983 claim and the complaint does not establish that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

    2. Application of 1332

To establish diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff and the defendants. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). This means plaintiff cannot be a citizen of the same state as any of the defendants. St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). Here, plaintiff is an individual who is alleged to reside in Suffolk County, New York prior to his present incarceration, also in Suffolk County. Thus plaintiff is a citizen of New York for diversity purposes. 28 U.S.C. § 1332(a)(1). Although Tocci is alleged to reside in Oregon, because Savoie and Tomaszewski are alleged to reside in New York, complete diversity of citizenship is lacking.[2] Accordingly, plaintiff has not established this Court's subject matter jurisdiction under Section 1332. Again, although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction. "[I]t is well-established that '[t]he party seeking to invoke

---

[2] Although the complaint does not actually use the terms "citizenship", because the *pro se* plaintiff included New York addresses for himself and at least two of the defendants (Savoie and Tomaszewski), the Court reasonably concludes that the complaint fails to plead diversity of citizenship is lacking.

jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 323 (2d Cir. 2001) (quoting Advani Enter., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998)).

Given that this Court lacks subject matter jurisdiction under either 1331 or 1332, the complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b), and Fed. R. Civ. P. 12(h)(3).

**D.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint. Plaintiff is afforded an opportunity to amend his complaint in accordance with this

7

Order. Plaintiff's amended complaint must be labeled as an "amended complaint", bear the same docket number as this Order, 17-CV-7040(JMA)(GRB), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue against the defendants in the amended complaint. Further, if plaintiff does not file an amended complaint within the time allowed, this case shall be closed. Alternatively, plaintiff may pursue any valid claims he may have against the defendants in state court.

**E.     Application for Pro Bono Counsel**

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at

61. A developed record assists the court in this regard. See Brooks v. State of New York, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit).

The Court has reviewed plaintiff's application together with the complaint. Given the dismissal of the complaint for lack of subject matter jurisdiction, the Court finds that the appointment of counsel is not warranted at this stage of the litigation. Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff renewing the application upon filing an amended complaint in accordance with this order, if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring his own counsel to represent him in this matter.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed without prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff is granted leave to file an amended complaint in accordance with the guidance set forth in this Order within thirty (30) days from the date of this Order. Plaintiff's amended complaint must be labeled as an "amended complaint" and bear the same docket number as this Order, 17-CV-7040(JMA) (GRB). Further, if plaintiff does not file an amended complaint within the time allowed, this case shall be closed. Alternatively, plaintiff may pursue any valid claims he may have against the defendants in state court.

Plaintiff's application for the appointment of *pro bono* counsel is denied without prejudice

to plaintiff renewing the application upon filing an amended complaint in accordance with this order, if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring his own counsel to represent him in this matter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The clerk of the Court is respectfully requested to mail a copy of this Order to the *pro se* plaintiff.

**SO ORDERED.**

Dated: September 21, 2018
Central Islip, New York

                                                  /s/ (JMA)
                                        JOAN M. AZRACK
                                UNITED STATES DISTRICT JUDGE